FILED
JEANNE A. NAUGHTON, CLERK
NOV - 3 2022
U.S. BANKRUPTCY COURT
TRENTON, NJ
BY _____ DEPUTY

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| Benjamin F. Beideman<br>215 Nantucket Road<br>Forked River, NJ 08731<br>Phone: 609-207-3056<br>Email: b2020@beideman.net | |
| In Re:<br><br>Benjamin Frederick Beideman<br><br>Debtor | Case No.: 22-16418-KCF<br><br>Chapter: 7<br><br>Hearing Date: December 6, 2022<br><br>Judge: Kathryn C. Ferguson |

## CERTIFICATION OF BENJAMIN FREDERICK BEIDEMAN IN SUPPORT OF MOTION TO AVOID DOCKETED JUDGMENT AND JUDICIAL LIEN OF CAVALRY SPV I LLC AS A PREFERENCE AS TO DEBTOR IN A CHAPTER 7 CASE PURSUANT TO 11 U.S.C. § 522(h) AND 11 U.S.C. § 547(b)

I, Benjamin Frederick Beideman, Debtor in the above captioned case, hereby submits this Certification in support of the Motion to Avoid Docketed Judgment and Judicial Lien of Cavalry SPV I LLC as a Preference as to Debtor in a Chapter 7 Case Pursuant to 11 U.S.C. § 522(h) and 11 U.S.C. § 547(b), which I filed with the Court.

1. On August 15, 2022, I filed a petition for Chapter 7 bankruptcy in the United States Bankruptcy Court for the District of New Jersey *(Doc. 1)*.

2. Creditor Cavalry SPV I LLC ("Cavalry") filed a lawsuit against me in the Superior Court of New Jersey, Law Division, Special Civil Part, Ocean Vicinage, Docket No. DC-012250-18, on October 31, 2018 regarding an unpaid credit card debt that was assigned to Cavalry by Synchrony Bank in the amount of $5,883.02 (see *Exhibit A*). This resulted in a default judgment, VJ-000011-19, on January 2, 2019 (see *Exhibit B*).

3. This judgment was then docketed as a judicial lien, which was recorded on June 24, 2022 (see *Exhibit C*). The information that was recorded in the records of the Superior Court of New Jersey is as follows:

    a. Creditor:                Cavalry SPV I LLC as assignee of Synchrony Bank
    b. Debtor:                  Benjamin Beideman
    c. Cause No.:               OCN DC-012250-18
    d. Vicinage Judgment No.:   OCN VJ-000011-19
    e. Docketed Judgment No.:   DJ-078800-22
    f. Judgment Amount:         $6,097.68
    g. Total Amount Due:        $6,181.37
    h. Filing Date:             June 13, 2022

4. Upon docketing, this judgment serves as a lien against my 50% interest in my residence at 215 Nantucket Road in Forked River, New Jersey. As such, the docketed judgment is considered an involuntary transfer by the creation of a lien against an interest in property.

5. Due to the docketing, creditor Cavalry would receive and have the benefit of a better collection position than other creditors outside of the bankruptcy.

6. The underlying cause of the judgment is an antecedent debt from a line of credit that was originally incurred and owed to Synchrony Bank, and later assigned to creditor Cavalry. This debt is disclosed in Schedule E/F of my bankruptcy petition *(Doc. 1 at 38)*.

7. The docketing request was filed on June 13, 2022 and was recorded on June 24, 2022. I was insolvent on these dates. In addition, these dates are within 90 days of my bankruptcy filing, which was made on August 15, 2022.

8. 11 U.S.C. § 547(b), normally employed by trustees, allows the avoidance of the docketing of the judgment as a judicial lien as a preference, considered a transfer of an interest in property for the benefit of a creditor, on account of an antecedent debt owed to the creditor, while the debtor was insolvent and within 90 days before the date of the filing of the bankruptcy petition, which enables the creditor to receive and have a better collection position than other creditors outside of bankruptcy.

9. The docketing of the judgment lien was not a voluntary transfer of property by me. Rather, it constitutes an involuntary transfer of property by the fixing of a docketed judgment resulting from a lawsuit judgment, an act beyond my personal control.

10. The 50% interest in my residence is listed in Schedule A/B *(Doc. 1 at 12)* and Schedule C *(Doc. 1 at 23)* of my bankruptcy petition. The mortgage on the property is listed in Schedule D *(Doc. 1 at 27)*. Accordingly, there has been no attempt to conceal the property.

11. The trustee has not attempted to avoid the preferential transfer and further has no incentive to recover this property interest through an avoidance action where I, along with the non-debtor joint owner, would be the primary beneficiaries of the recovery of the property interest.

12. The property interest is of the kind that I am able to exempt if the trustee had avoided the transfer under 11 U.S.C. § 522(g).

13. In circumstances such as those enumerated herein, 11 U.S.C. § 522(h) provides that debtors may utilize certain of the avoidance powers normally invoked by trustees, including the provisions of 11 U.S.C. § 547(b).

14. In consideration of all of the foregoing, I respectfully request that the Order to Avoid Docketed Judgment and Judicial Lien of Cavalry SPV I LLC as a Preference as to Debtor in a Chapter 7 Case Pursuant to 11 U.S.C. § 522(h) and 11 U.S.C. § 547(b) be granted, and for such additional or alternative relief as the Court may direct.

I certify under penalty of perjury that the above is true.

Date: 10/31/2022

Signature