| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | **FILED**<br>JEANNE A. NAUGHTON, CLERK<br><br>NOV - 3 2022<br><br>U.S. BANKRUPTCY COURT<br>TRENTON, NJ<br>BY_____DEPUTY |
| Benjamin F. Beideman<br>215 Nantucket Road<br>Forked River, NJ 08731<br>Phone: 609-207-3056<br>Email: b2020@beideman.net | |
| In Re:<br><br>Benjamin Frederick Beideman<br><br>Debtor | Case No.:    22-16418-KCF<br><br>Chapter:    7<br><br>Hearing Date: December 6, 2022<br><br>Judge:    Kathryn C. Ferguson |

### CERTIFICATION OF BENJAMIN FREDERICK BEIDEMAN IN SUPPORT OF MOTION FOR SANCTIONS AND DAMAGES FOR VIOLATIONS OF 11 U.S.C. § 362(a) BY CREDITOR CAVALRY SPV I LLC

I, Benjamin Frederick Beideman, Debtor in the above captioned case, hereby submits this Certification in support of the Motion for Sanctions and Damages for Violations of 11 U.S.C. § 362(a) by Creditor Cavalry SPV I LLC, which I filed with the Court.

1. On August 15, 2022, I filed a petition for Chapter 7 bankruptcy in the United States Bankruptcy Court for the District of New Jersey *(Doc. 1)*.

2. In part 2, item 4.24 of Schedule E/F of the aforementioned petition, creditor Cavalry SPV I LLC ("Cavalry") is listed as a nonpriority unsecured claim *(Doc. 1 at 38)*.

3. In part 2, item 4.23 of the same Schedule E/F, Cavalry's parent company, Cavalry Portfolio Services, is listed as a nonpriority unsecured claim *(Doc. 1 at 38)*.

4. In part 3, question 5 of the same Schedule E/F, Cavalry's law firm Apothaker Scian P.C. ("Apothaker") is listed as a party to be notified about Cavalry's debt *(Doc. 1 at 59)*.

5. In part 4, question 9 of the Statement of Financial Affairs of the aforementioned petition, I listed a lawsuit that was brought against me by Cavalry, represented by Apothaker *(Doc. 1 at 79)*.

6. The lawsuit brought against me by Cavalry was filed in the Superior Court of New Jersey, Ocean Vicinage, Special Civil Part (case OCN-DC-012250-18) *(Exhibit A at 2-3)* on October 31, 2018. The case resulted in the entry of a default judgment (VJ-000011-19) *(Exhibit A at 4)* on January 3, 2019.

7. In conducting the research necessary to file the aforementioned petition, I learned that on June 6, 2022, Apothaker requested that the aforementioned judgment be issued a statement for docketing statewide *(Exhibit A at 5)*, and the judgment was, in fact, docketed as DJ-078800-22 on June 14, 2022 *(Exhibit A at 6-7)*.

8. Later on the filing date, I received a Notice of Bankruptcy Case Filing *(Exhibit B)* from the Clerk of the Bankruptcy Court. This Notice provides notice of my bankruptcy case and provides general guidance to those being notified about the protection provided by 11 U.S.C. § 362(a) (the "automatic stay").

9. After filing my bankruptcy petition, I felt a sense of relief, as a long-planned and very important component of my personal turnaround plan was now underway. I am, and have been, insolvent and, due to multiple current and pending legal actions by creditors (Cavalry being among them), I am very aware that, due to a variety of circumstances, I need to complete a bankruptcy. I was reassured that I now had the protection provided by the bankruptcy laws, including and especially the automatic stay.

10. On August 16, 2022, I downloaded a "Notice of Chapter 7 Bankruptcy Case – No Proof of Claim Deadline (Official Form 309A)" *(Doc. 4)* that was filed on my bankruptcy case docket. This notice stated a reference to the bankruptcy case and the automatic stay. I was aware that this notice would be sent to all creditors and other interested parties identified in the petition, including Cavalry and Apothaker.

11. On August 17, 2022, I downloaded a Certificate of Notice that was filed on the docket in this matter by the Bankruptcy Noticing Center ("BNC") *(Doc. 7)*. The Notice indicates that Cavalry

and Cavalry's parent company were notified electronically about the petition on August 15, 2022 *(Doc. 7 at 5)*, and that Apothaker was notified by the BNC through the postal mail on August 17, 2022 *(Doc. 7 at 4)*.

12. Beginning on September 2, 2022 and continuing through September 21, 2022, I received ten (10) Notice of Levies, in 4 separate groups, from the Ocean County Sheriff's Office *(Exhibit C)*. Each of the Notices were on identical forms – but each listed a different financial institution and date when levying was attempted. Each Notice also indicated that I could object to the levy by making a filing with the Superior Court within 10 days of when I received the Notice.

13. On September 2, 2022, I received the first four Notice of Levies from the Ocean County Sheriff's Office *(Exhibit C at 2-6)*, which were served on OceanFirst Bank NA, Bank of America NA, TD Bank NA, and Santander Bank NA. I also received a letter from OceanFirst Bank NA *(Exhibit D at 2-3)*.

14. Upon review, I found that on September 1, 2022, OceanFirst Bank NA had charged a legal fee of $125.00 and placed on hold the remaining funds of $510.99 from my checking account ending in 3409 *(Exhibit D at 4)*.

15. After learning about this first levy, I believed that a mistake had occurred, resulting from the failure of Apothaker to withdraw their request to perform these levies from the Ocean County Sheriff's Office.

16. In what I believed was necessary to have this mistake cleared up, I wrote a letter to the attorney that signed the lawsuit complaint, Ms. Kimberly F. Scian, *(Exhibit E at 2-3)* to inform Apothaker of their error, request that they withdraw the levy, release the funds, and cover the bank fee. This letter made specific mention of my bankruptcy and the automatic stay. It included enclosures that I felt were more than adequate to establish that I was under active bankruptcy, including the relevant pages of my petition *(Exhibit E at 4-7)*, the Notice of Chapter 7 Bankruptcy Case *(Exhibit E at 8-10)*, the Certificate of Notice *(Exhibit E at 11-14)*, the Notice

of Bankruptcy Case Filing *(Exhibit E at 15)*, a copy of the Notice of Levy *(Exhibit E at 16)*, and the letter I received from OceanFirst Bank NA *(Exhibit E at 17-18)*.

17. I sent this letter by Certified Mail return receipt requested ("CMRRR") to Apothaker, John Michael McDonnell, my bankruptcy trustee ("Trustee"), the Ocean County Sheriff's Office, the Clerk of the Superior Court, and OceanFirst Bank, NA.

18. I also sent the letter and enclosures via email to Apothaker *(Exhibit F at 8)*. After sending that email, I decided to also forward it, with a cover message, to the Clerk of the Superior Court *(Exhibit G)*. As I believed the levying to be an error, my cover message to the Clerk reflected this sentiment, stating in part:

> *"Please be aware of the following message regarding a levy that was executed on my bank account while under active bankruptcy. The message I'm forwarding was sent to counsel for the creditor. This should supply them with everything needed for them to request that the levy be withdrawn. It has been submitted to them via email, fax, and certified postal mail. ... I expect they will voluntarily withdraw the levy."*

19. I was later able to obtain the tracking and signed return receipt for the letter sent by CMRRR to Apothaker *(Exhibit F at 6-7)*.

20. After five days, on September 7, 2022, I still had not heard from them nor seen any filing or other action on eCourts, the Internet-based case information system for the New Jersey Judiciary. Due to the deadline indicated by the Sheriff's Office, I decided to prepare and submit a formal objection to the levy to ensure my right to object was preserved.

21. I prepared a Certification in Objection to Levy *(Exhibit H)* that requested return of the levied funds and payment of the bank fee. It made this request on the basis of my bankruptcy, made specific reference to the automatic stay, and included evidence of the petition, much of which I had already mailed and emailed to Apothaker with the letter I previously sent.

22. I electronically filed this Certification through Judiciary Electronic Document Submission ("JEDS") / eCourts on September 7, 2022. On September 8, 2022, I sent the "wet ink" original

by CMRRR to the Clerk of the Superior Court. In addition, on that day I also provided service of copies via CMRRR to Apothaker, Cavalry, and Trustee.

23. The online submission of this filing was assigned JEDS EF-1553948 and is listed on eCourts as Transaction ID SCP20222294174. When it was submitted, I received notice from eCourts that Mr. Apothaker and Ms. Scian, both partners of Plaintiff's Attorney, were notified electronically about the filing by the Court *(Exhibit F at 9)*.

24. I was later able to obtain the tracking and signed return receipt for the copies of this objection sent by CMRRR to Apothaker *(Exhibit F at 10-11)* and Cavalry *(Exhibit F at 12-14)*.

25. On September 9, 2022, the Superior Court's case management staff posted the "wet ink" original of the Certification in Objection to Levy that I sent to them by CMRRR. After they posted it, I received notice from eCourts that Apothaker was notified electronically about the posting by the Court *(Exhibit F at 15)*.

26. The case management staff also posted a Notice of Exemption Hearing *(Exhibit I)*, which was also mailed to me. It set a hearing date of October 21, 2022 and requested that I be prepared to present evidence of the bankruptcy. This also generated an eCourts notification to Apothaker *(Exhibit F at 16)*.

27. On September 12, 2022, I participated in my 341(a) meeting telephonically. During my testimony, I informed Trustee about the levy and asked if I should keep him updated as to the progress of it. He indicated that I could do so and that, because of the levy being exempt funds, it's not something that he would be making his own inquiries about.

28. Later that day, I received three more Notice of Levies from the Ocean County Sheriff's Office *(Exhibit C at 7-10)*, which were served on Wells Fargo Bank NA, Fulton Bank NA, and Lakeland Bank. These three levies were all dated September 9, 2022. I have accounts at Fulton Bank NA and Wells Fargo Bank NA, but I do not have an account at Lakeland Bank.

29. Until that moment, on September 12, 2022, I thought that this entire circumstance was an accident. I was expecting Apothaker to readily request the release of the levy. When it hit me that the conduct of Apothaker could be intentional, a feeling of anxiety, such as that existing before filing my petition, returned with a chill.

30. I do not consider myself to be an overly emotional person with respect to financial matters, but the thought that a creditor was levying my bank accounts, while under bankruptcy, with no attempt to stop and reverse their conduct was quite jarring. I began to question if I'd done something wrong with the bankruptcy filing – had I made some error that invalidated the protection of the stay? Will I get my money back? Should I spend the very last of my money on an attorney? Time and again I came back to the view that I am not the one in the wrong with respect to this conduct – but, as a non-attorney wading into waters that I thought calm but that actually could get quite turbulent, it certainly weighed on my mind.

31. Upon review of my accounts at Fulton Bank NA, I found that $547.91 was placed on hold from my account ending in 2768 *(Exhibit D at 7)*, and that $418.23 (50% of the balance) was placed on hold from my joint account, ending in 9540 *(Exhibit D at 8)*. Upon review of my account at Wells Fargo Bank NA, I found that no funds were removed, which appears to be an error, as I do have an account at that bank.

32. On September 16, 2022, I received two additional Notice of Levies from the Ocean County Sheriff's Office *(Exhibit C at 11-13)*, which were served on PNC Bank NA and M&T Bank / Hudson City Savings Bank. I do not currently have accounts at these banks.

33. With no sign of the levying stopping, it is on this date that I concluded that I needed to seek a remedy regarding this conduct from the Bankruptcy Court. I was very willing to let an accident slide, but after it was apparent that the conduct was flagrantly continuing, I knew the best thing to do is to raise the matter with the Court. In order to investigate the appropriate way to do this, I began researching on PACER. This caused me to begin incurring costs for page downloads.

34. It was also on September 16, 2022, that I decided that I should file an additional objection with the Superior Court to ensure that I objected to each successful instance of levying within the 10-day period. Accordingly, I prepared a Certification in Opposition to Additional Levy Executions with extensive supporting documentation *(Exhibit J)*.

35. Also on that date, I electronically filed that certification through JEDS / eCourts. I also sent the "wet ink" original by CMRRR to the Clerk of the Superior Court, and provided service of copies via CMRRR to Apothaker, Cavalry, Trustee, and the U.S. Trustee.

36. The online submission of this filing was assigned JEDS EF-1572091 and is listed on eCourts as Transaction ID SCP20222392440. When it was submitted, I received notice from eCourts that Apothaker was notified electronically about the filing by the Court *(Exhibit F at 17)*.

37. I was later able to obtain the tracking and signed return receipt for the copies of this certification sent by CMRRR to Apothaker *(Exhibit F at 18-19)* and Cavalry *(Exhibit F at 20-21)*.

38. On September 19, 2022, the Superior Court's case management staff posted the copy of the letter that I forwarded to them on September 2, 2022. After they posted it, I received notice from eCourts that Apothaker was notified electronically about the posting by the Court *(Exhibit F at 22)*.

39. On September 20, 2022, the Superior Court's case management staff posted the "wet ink" original of the Certification in Opposition to Additional Levy Executions that I sent to them by CMRRR. After they posted it, I received notice from eCourts that Apothaker was notified electronically about the posting by the Court *(Exhibit F at 23)*.

40. On the same day, I received another Notice of Levy from the Ocean County Sheriff's Office which was served on Chase Bank NA on September 16, 2022. At that time, I checked my account at Chase Bank and found that funds no had been removed.

41. On the afternoon of September 21, 2022, I logged in to my accounts at Fulton Bank NA and found that the levy had been released. I also checked OceanFirst Bank NA and found that my

funds there had also been returned to my account – with the exception of the bank fee. I was not provided with any notification about this, other than a copy of the letter sent by the Sheriff's Office to OceanFirst Bank NA, which was provided by the bank *(Exhibit D at 6)*.

42. Despite a lack of notification, at this point, I finally felt that the continual violations of the automatic stay were over – but I was wrong.

43. On September 30, 2022, I logged in to my account at Chase Bank NA and found that on September 26, 2022, Chase Bank NA had charged a legal fee of $100.00 and placed on hold the remaining funds of $1400.00, from my checking account ending in 9134. I received a letter to this effect from Chase Bank NA on the same day *(Exhibit D at 9-18)*.

44. Once again, to ensure that I objected to each successful levy within the 10-day period, I filed a Certification Regarding Additional Levying with the Superior Court *(Exhibit K)*. I electronically filed that certification through JEDS / eCourts. I also sent the "wet ink" original by CMRRR to the Clerk of the Superior Court, and provided service of copies via CMRRR to Apothaker, Cavalry, and Trustee.

45. My online submission of this filing was assigned JEDS EF-1594285 and is listed on eCourts as Transaction ID SCP20222540083. When it was submitted, I received notice from eCourts that Apothaker was notified electronically about the filing by the Court *(Exhibit F at 24)*.

46. I was later able to obtain the tracking and electronic return receipt for the copies of this certification sent to Apothaker *(Exhibit F at 25-26)* and Cavalry *(Exhibit F at 27-29)*.

47. On October 3, 2022, the Superior Court's case management staff posted the "wet ink" original of the Certification Regarding Additional Levying that I sent to them by CMRRR. After they posted it, I received notice from eCourts that Apothaker was notified electronically about the posting by the Court *(Exhibit F at 30)*.

48. On October 6, 2022, the funds that were on hold by Chase Bank NA were released with the exception of the legal fee of $100.00. In addition, on the same date, I was charged a $12.00

monthly service charge due to the account falling below the minimum balance threshold for that charge to be waived. I had not allowed this account to fall below the threshold since January of 2021, and it so doing on this occasion is a direct result of the levy.

49. On October 18, 2022, I submitted a letter *(Exhibit L)* to the Honorable Craig L. Wellerson, the Superior Court Judge overseeing the bank levies, through eCourts and CMRRR. In the letter, I explained that, even though the funds had been returned, I would prefer to continue to the hearing in order to seek an affirmative determination that no levying should be done while an automatic stay is in effect. An excerpt of the letter is as follows:

> *"To date, I have been provided with no notification from Plaintiff regarding the return of these funds. The only notification about the release that I have received is a copy of the communication that the Ocean County Sheriff's Office provided to OceanFirst Bank NA regarding the request from Apothaker Scian PC to have the funds returned as soon as possible. For your reference, I am attaching a copy of that document.*
>
> *Unfortunately, because I have nothing acknowledging the release and return of my funds due to the active bankruptcy, I continue to formally object to any levying of my personal property, either while the automatic stay is in effect or after a discharge is granted as to the underlying debt."*

50. Copies of this letter were sent to Apothaker and Cavalry by CMRRR. The proof of delivery was not available as of the date of this Certification.

51. On October 21, 2022, I participated in a remote exemption hearing before Judge Wellerson. Neither Apothaker nor Cavalry made an appearance. Judge Wellerson agreed with my objections. The Superior Court ordered ("Exhibit M") that no levying take place while the bankruptcy is active. He expressed his judgment that any distribution to Cavalry is a matter for the bankruptcy trustee. He also indicated that I could seek an order from the Superior Court for the judgment to be vacated if I avoid the lien before the Bankruptcy Court.

I certify under penalty of perjury that the above is true.

Date: 10/31/2022

Signature